UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| EL-SHIFA PHARMACEUTICAL INDUSTRIES COMPANY, *et al.*, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 01-731 (RWR) |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs, El-Shifa Pharmaceutical Industries Company ("El-Shifa"), a stock corporation located in Sudan, and Salah El Din Ahmed Mohammed Idris ("Idris"), owner of the El-Shifa pharmaceutical plant, have sued the United States for negligence, trespass, and defamation. Plaintiffs seek leave to file a supplemental complaint in order to include new factual allegations. Because their motion for leave to supplement the complaint was timely, was augmentative, and does not prejudice the defendant, plaintiffs' motion will be granted.

BACKGROUND

Plaintiffs' original complaint contains four causes of action - - defamation, a violation of the law of nations, and negligence and trespass under the Federal Tort Claims Act, 28 U.S.C. § 1346(b) - - stemming from the destruction of the El-Shifa plant with cruise missiles launched from U.S. naval vessels stationed in international waters on August 20, 1998. In

- 2 -

particular, plaintiffs claim that various United States officials knowingly made false statements that the plant manufactured chemical weapons and that Idris had ties to Osama Bin Laden and the Islamic Jihad terrorist network.  In response to the complaint, defendant filed a motion to dismiss for lack of subject matter jurisdiction.

Plaintiffs' proposed supplemental complaint alleges facts disclosed in the second edition of the book Against All Enemies by Richard A. Clarke, former National Coordinator for Security, Infrastructure Protection and Counter-Terrorism, which was published in September 2004.  In his book, Clarke claims that he never saw any intelligence implicating Idris in terrorist activities.  Plaintiffs submitted their Motion for Leave to File a Supplemental Complaint on January 11, 2005.  Defendant did not file an opposition.

## DISCUSSION

Federal Rule of Civil Procedure 15(d) provides that leave to supplement the complaint may be granted "upon reasonable notice and upon such terms as are just."  Fed. R. Civ. P. 15(d).  The supplemental pleading must "set[] forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented."  Id.  Supplemental complaints are "well within the basic aim of the rules to make pleadings a means to achieve an orderly and fair administration

of justice," Griffin v. County School Board of Prince Edward County, 377 U.S. 218, 227 (1964), and should be available "to facilitate a proper decision on the merits." Conley v. Gibson, 355 U.S. 41, 48 (1957) (addressing the approach to pleadings as a whole taken by the federal rules).

Leave to supplement a complaint will be freely granted "absent undue delay, bad faith, dilatory tactics, undue prejudice to the party to be served with the proposed pleading, or futility." Quaratino v. Tiffany & Co., 71 F.3d 58, 66 (2d Cir. 1995) (citing Forman v. Davis, 371 U.S. 178, 182 (1962) (referring to Rule 15(a))). The supplemental complaint must "not create surprise or prejudice the rights of the adverse party." Aftergood v. CIA, 225 F. Supp. 2d 27, 30 (D.D.C. 2002); see also Glatt v. Chicago Park Dist., 87 F.3d 190, 194 (7th Cir. 1996) (considering whether the supplemental complaint is "a desperate effort to protract the litigation and complicate the defense"); Health Ins. Ass'n of Am. v. Goddard Claussen Porter Novelli, 213 F.R.D. 63, 67 (D.D.C. 2003) (noting that including issues unrelated to the original claims would prejudice the defendant). A court should also consider whether the "supplemental facts connect to the original pleading." Aftergood, 225 F. Supp. 2d at 30 (quoting Quaratino, 71 F.3d at 66); see also Health Ins. Ass'n of Am., 213 F.R.D. at 67 (denying leave to file a supplemental complaint when the "additional facts and claims in

- 4 -

no way directly related to the claims alleged in the original complaint"). Finally, the supplemental complaint should have been pled timely after the new occurrence, event, or transaction, and should not cause an unreasonable delay. <u>Adair v. England</u>, 193 F. Supp. 2d 196, 201 (D.D.C. 2002) (allowing a supplemental complaint "at a relatively early stage" of the case); <u>see also</u> <u>Glatt</u>, 87 F.3d at 194 (affirming the denial of a supplemental complaint based solely on a document the plaintiff had for one year).

Here, if plaintiffs' supplemental complaint is allowed, no prejudice to the defendant would be apparent. The supplemental complaint alleges only auxiliary facts seemingly requiring no need for defendant to research and brief new legal claims or factual defenses in connection with its motion to dismiss. The cumulative facts presented in the supplemental pleading "connect to the original pleading" and are closely related to the facts in the original complaint. <u>Aftergood</u>, 225 F. Supp. 2d at 30 (quoting <u>Quaratino</u>, 71 F.3d at 66). Indeed, the new facts only augment the originally pled facts under the existing defamation claim. Plaintiffs timely sought leave to file the supplemental complaint - - only four months after the publication of the book's second edition. Finally, defendants have not opposed the motion.

- 5 -

CONCLUSION

Allowing the defendant to supplement the complaint will not prejudice the defendant.  The supplemental pleading adds facts that relate to the original complaint, and plaintiffs' unopposed motion for leave to file the supplement was timely filed.  Accordingly, it is hereby

ORDERED that plaintiffs' Motion for Leave to File a Supplemental Complaint [38] be, and hereby is, GRANTED.

SIGNED this 22nd day of September, 2005.


                              _____/s/_____
                              RICHARD W. ROBERTS
                              United States District Judge