UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____   )
                              )
**EL-SHIFA PHARMACEUTICAL**   )
**INDUSTRIES COMPANY, et al.,** )
                              )
        **Plaintiffs,**       )
                              )
        v.                    )   Civil Action No. 01-731 (RWR)
                              )
**UNITED STATES OF AMERICA,** )
                              )
        **Defendant.**        )
_____   )

**MEMORANDUM ORDER**

Plaintiffs El-Shifa Pharmaceutical Industries Company ("El-Shifa"), a stock corporation located in Sudan, and Salah El Din Ahmed Mohammed Idris, owner of the El-Shifa pharmaceutical plant, brought an action against the United States for negligence, trespass, defamation and violation of the laws of nations stemming from the destruction of the plant, its fixtures, equipment and inventory with cruise missiles launched from U.S. naval vessels stationed in international waters.  After a November 29, 2005 Memorandum Opinion and Order ("November 29th Opinion") granted defendant's motion to dismiss for failure to establish waiver of sovereign immunity, plaintiffs moved under Fed. R. Civ. P. 59(e) to alter the judgment, requesting the reinstatement of their defamation (Count Three) and law of nations claims (Count Four).  Because plaintiffs have not demonstrated that the November 29th Opinion involved a clear

error of law, plaintiffs' motion to alter the judgment will be denied.

"While the court has considerable discretion in ruling on a Rule 59(e) motion, the reconsideration and amendment of a previous order is an unusual measure." Sieverding v. Am. Bar Ass'n, 239 F.R.D. 288, 290 (D.D.C. 2006) (citing Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996)).  A motion to alter the judgment need not be granted unless there is an intervening change of controlling law, new evidence becomes available, or there is a need to correct a clear error or prevent manifest injustice.  Ciralsky v. Cent. Intelligence Agency, 355 F.3d 661, 671 (D.C. Cir. 2004).[1]

Plaintiffs argue the court should reconsider the dismissal of their defamation claim because the court incorrectly assumed (1) that plaintiffs challenged only presidential decision-making, and (2) that the Federal Torts Claim Act ("FTCA") is the

---

[1] In addition to their new arguments regarding claims under Count Three and Four, plaintiffs reiterate their previous contentions concerning the inapplicability of the political question doctrine to the defamatory statements and the declaratory relief sought by the law of nations claim.  (See Pls.' Mem. in Supp. of Mot. to Alter J. ("Pls.' Mot. to Alter J.") at 5-7.)  However, plaintiffs do not provide any new evidence or intervening law that might support reconsideration of the November 29th Opinion.  Because "motions for reconsideration are not a second opportunity to present argument upon which the Court has already ruled," Black v. Tomlinson, 235 F.R.D. 532, 534 (D.D.C. 2006) (internal quotation omitted), plaintiffs' renewed arguments regarding the political question doctrine do not entitle plaintiffs to the relief they seek in this motion.

- 3 -

exclusive remedy for all defamation actions against the government.  (See Pls.' Mem. in Supp. of Mot. to Alter J. ("Pls.' Mot. to Alter J.") at 4-5.)  Plaintiffs claim that they seek relief for statements made by agency officials that Idris was an associate of Osama bin Laden under § 702 of the Administrative Procedure Act ("APA"), which provides a waiver for claims involving declaratory and injunctive relief.  (See id. at 3.)

Assuming that § 702 allows a waiver of sovereign immunity, see Trudeau v. Fed. Trade Comm'n, 456 F.3d 178, 186 (D.C. Cir. 2006) (noting that "APA's waiver of sovereign immunity applies to any suit whether under the APA or not . . . . There is nothing in the language of the second sentence of § 702 that restricts its waiver to suits brought under the APA" (internal citation omitted)), § 704 nevertheless requires that the disputed conduct constitute final agency action.  These alleged defamatory statements do not.  See id. at 189 (citing Hearst Radio v. Fed. Communic'ns Comm'n, 167 F.2d 225 (D.C. Cir. 1948) for the proposition that a defamatory publication of the FCC was not final agency action for APA purposes).[2]  The APA defines "agency

---

[2]     Plaintiffs claim that the D.C. Circuit has previously stated that agency defamation might be reviewable under the APA. See, e.g., Impro Prods., Inc. v. Block, 722 F.2d 845, 849 (D.C. Cir. 1983) ("Indeed, we find it troubling that literal adherence to the Hearst Radio rule in a case like this one would preclude judicial review under the APA of an agency's dissemination of information that is concededly false . . . .  Moreover, because the Federal Tort Claims Act expressly preserves sovereign immunity from suits for money damages for libel and slander,

action" as "includ[ing] the whole or part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act."  5 U.S.C. § 551(13).  These defamatory statements, at best, might be characterized as sanctions.  However, numerous courts have rejected classifying defamatory statements as sanctions based on the APA's definition.[3]  See, e.g., Trudeau, 456 F.3d at 189 (relying on Hearst Radio, 167 F.2d at 227, to conclude that "'[a]mong these words, the only one approaching applicability to the publication . . . is the word "sanction,"' and that the definition of that word 'does not cover an act such as' the [defamatory] FCC publication.").  Thus, even if sovereign immunity is waived,

---

. . . the agency would also be insulated from civil tort liability.").  Nevertheless, the D.C. Circuit recently noted that "we have never had the need either to reconsider Hearst Radio, or to consider whether it is distinguishable [because other cases involving false or defamatory statements were resolved on grounds other than whether the statement was final agency action]."  Trudeau, 456 F.3d at 189.  Although plaintiffs correctly state that Hearst Radio "considered only publication of a routine, industry-wide report, not a deliberate attempt to stigmatize a targeted individual" (Reply Mem. in Supp. of Mot. to Alter J. ("Pls.' Reply") at 7), Trudeau considered and rejected an argument that a press release which plaintiff alleged contained false and misleading personal information was final agency action under the APA.  Trudeau, 456 F.3d at 189.

    [3]   The APA defines "sanction" as "(A) prohibition, requirement, limitation, or other condition affecting the freedom of a person; (B) withholding of relief; (C) imposition of penalty or fine; (E) assessment of damages, reimbursement, restitution, compensation, costs, charges, or fees; (F) requirement, revocation, or suspension of a license; or (G) taking other compulsory or restrictive action."  5 U.S.C. § 551(10).

plaintiffs' defamation claim is still not reviewable under the APA because plaintiffs do not factually allege final agency action.

Plaintiffs also seek reconsideration of the dismissal of their law of nations claim. They argue that the November 29th Opinion erroneously concluded that because the President's decision to use military force to target El-Shifa was at issue, the court lacked subject matter jurisdiction. El-Shifa Pharm. Indus. v. United States, 402 F. Supp. 2d 267, 273 (D.D.C. 2005). Instead, plaintiffs argue that they request declaratory relief for the failure of the Central Intelligence Agency ("CIA") to provide compensation for the destruction of the plant. They contend that presidential decision-making played no role in the CIA's unwillingness to compensate. (Pls.' Mot. to Alter J. at 6.)

In their complaint, plaintiffs seek review of "the refusal of the United States to pay just compensation for the destruction of the Plant or otherwise acknowledge that the destruction of the Plant was mistaken and not justified under the law of nations . . . ." (Pls.' Compl. ¶ 115.)  The plain language of this request implicates the President's decision to destroy the plant, and any CIA decision not to compensate plaintiffs is predicated on unreviewable presidential action under the APA. See Dalton v. Spencer, 511 U.S. 462, 469-70 (1994) (holding that the President

took the final action that created the situation in dispute and that APA review was not available because the President is not an agency within the meaning of the APA). Although plaintiffs maintain that neither "President Clinton [nor] President Bush was involved in the decision to deny compensation" (Pls.' Mot. to Alter J. at 6.), the conduct prompting the compensation sought resulted from a decision made within the exercise of presidential discretion, and plaintiffs cite to no authority suggesting that the judicial review of such action that they seek is justified. Cf. Tulare County v. Bush, 185 F. Supp. 2d 18, 28-29 (D.D.C. 2001) (dismissing plaintiffs claims under the APA because the agency action at issue involved implementation of presidential directives "and the APA does not apply to presidential action").

Because plaintiffs do not provide any new arguments or evidence indicating that the court's dismissal of their defamation and law of nations claims involved a clear error of law, it is hereby

ORDERED that plaintiffs' motion [45] to alter judgment be, and hereby is, DENIED.

SIGNED this 28th day of March, 2007.

/s/
RICHARD W. ROBERTS
United States District Judge